HARRIS, J.,
delivered the opinion of the Court.
Barnes brought his action of trespass against Carper and Stricklin in the Circuit Court of Hardeman county, for taking a lot of goods claimed as the property of plaintiff, under a purchase from one Keith.
The defendants justified the taking the goods under and by virtue of an attachment sued out by Carper against said Keith. On the trial, several witnesses were called by the plaintiff to prove a verbal sale of the goods from Keith, the defendant in the attachment, to the plaintiff. After this evidence had been heard, another witness was called for the plaintiff, who testified that the contract of sale was reduced to writing and signed by Keith, the vendor, and that the same was witnessed by her. The written contract was then produced, and she proved its execution. During the further progress of the cause, after an attorney on each side had addressed the jury, the defendants moved the Court to withdraw from the jury all the parol evidence in relation to the sale from Keith to the plaintiff, upon the principle that the written contract was the only legal evidence of the sale. This the Court refused to do, to which exception was taken at the time by the defendants. There was a verdict for the plaintiff, and a new trial having been refused, the defendants appealed in error to this Court.
The Court erred in refusing to withdraw the parol evidence from the jury. Where the contract is in writing, “ all oral testimony of previous conversations between the parties, or declarations at the time when it was executed *452 or afterwards, tending to substitute a different contract, is inadmissible, and ought to have been rejected. In the application of this principle, it is unimportant at what time during the progress of the trial the objection may be taken or as to the mode of taking it.” “And even though no objection be made when the illegal evidence is admitted, yet it is competent to the party to be affected thereby, at any time before the retirement of the jury from the box, to call upon the Court to exclude it from the consideration of the jury; and if the objection has not been waived by some affirmative act of the party, it will be error in the Court to refuse to do so.” See Price vs. Allen, 9 Humph. R., 711, 712.
For this error the judgment must be reversed, and the cause remanded for another trial.